In the Matter of JACK URAM et al., Respondents, v DAVID A. GARFINKEL, Appellant. [792 NYS2d 430]—

Judgment, Supreme Court, New York County (Marilyn Shafer, J.), entered September 20, 2004, confirming an arbitration award in petitioner Korovin's favor in the principal amount of $541,000 and in petitioner Uram's favor in the principal amount of $106,000, and denying respondent's cross motion to vacate those awards, unanimously affirmed, with costs. Appeal from order (denominated a judgment), same court and Justice, entered on or about April 14, 2004, which granted the petition and confirmed the awards, unanimously dismissed, without costs, as subsumed in the appeal from the judgment of September 20, 2004.

It is uncontested that this securities arbitration is governed by the Federal Arbitration Act ([FAA] 9 USC § 1 *et seq.*), which embodies a strong "liberal federal policy favoring arbitration agreements," and provides for extremely limited judicial review of an arbitration award (*Moses H. Cone Mem. Hosp. v Mercury Constr. Corp.*, 460 US 1, 24 [1983]; *Sawtelle v Waddell & Reed*, 304 AD2d 103, 108 [2003]). Thus, a court may vacate an arbitration award either on a ground set forth in section 10 (a) of the FAA or on one of several nonstatutory grounds, such as manifest disregard of the law or irrationality. The party moving to vacate an award has a high standard to meet, and even an award challenged as having manifestly disregarded that law must be confirmed as long as there is barely colorable justification for it (*see Matter of Roffler v Spear, Leeds & Kellogg*, 13 AD3d 308, 309 [2004], quoting *Matter of Andros Cia. Maritima, S.A. of Kissavos [Marc Rich & Co., A.G.]*, 579 F2d 691, 704 [2d Cir 1978]).

The arbitrators were not guilty of misconduct (9 USC § 10 [a] [3]) in denying respondent's motions for stays and adjournments. They were presented with conflicting evidence about respondent's physical ability to participate in his own defense. While respondent's physicians indicated he should not be exposed to such physical and emotional stress, petitioners presented largely unrebutted evidence of respondent's continued involvement in community, school and political activities in which he took a leadership role, as well as his numerous vacations and attendance at sporting events.

While respondent's counsel argued that he had conflicts with the hearing dates and insufficient time to prepare for the hearings, he was well aware of those dates, and admitted that in the month since he was retained, he never tried to meet or speak with his client, whose family was supposedly "protecting" him from stress. Nor did he ever assert that his office had no other attorney available to assist in preparing for the hearing, or in

making an appearance there or at any of the conflicting proceedings.

Under these circumstances, the arbitration panel was presented with a question of credibility as to whether respondent was merely using a delaying tactic. We find that its determination had a reasonable basis (*see Ottawa Off. Integration Inc. v FTF Bus. Sys., Inc.*, 132 F Supp 2d 215, 220 [SD NY 2001]).

The arbitration panel also properly precluded respondent from offering a defense, pursuant to rule 10314 (b) (2) (C) of the NASD Code of Arbitration Procedure. Once the panel denied respondent's motion for a stay in its April 8, 2003 order and directed that hearings would begin on July 22 of that year, his previously granted extension of time to answer was no longer operative, and he was required to respond within 45 days (rule 10314 [b] [1]). Respondent and his counsel made no attempt to submit an answer prior to the hearing date.

Respondent's arguments that petitioners were granted a default judgment and thus were able to avoid having to put in their proof is belied by the portion of the record presented in petitioners' appendix. Respondent has not demonstrated, by other than conclusory assertions, that petitioners failed to establish their case-in-chief. Concur—Marlow, J.P., Sullivan, Ellerin and Catterson, JJ.