■ In the Matter of MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED, et al., Respondents, v KUANG MING CHAN, Appellant. [832 NYS2d 182]—

Order and judgment (one paper), Supreme Court, New York County (Faviola A. Soto, J.), entered April 6, 2006, confirming the arbitration award in petitioners' favor, unanimously affirmed, without costs.

In 1995, respondent Kuang Ming Chan, an experienced ac-

countant, rolled over his 401 (k) investment account into an IRA with petitioners. As a result of respondent's own trading in various stocks, he lost money. He then blamed petitioners for, inter alia, failing to advise him on stock purchasing, or to stop him from trading on his own. The NASD arbitration panel found that the trades in question were unsolicited, undertaken by respondent on his own, and awarded him nothing on his claim. The motion court confirmed.

The Federal Arbitration Act embodies "a strong 'liberal federal policy favoring arbitration agreements,' and provides for extremely limited judicial review of an arbitration award" (*Matter of Uram v Garfinkel*, 16 AD3d 347, 348 [2005], *lv denied* 5 NY3d 717 [2005], quoting *Moses H. Cone Memorial Hospital v Mercury Constr. Corp.*, 460 US 1, 24 [1983]). A federal arbitration award may be vacated only for corruption or fraud in procuring the award, partiality or corruption of an arbitrator, misconduct on the part of the arbitrator, or an arbitrator exceeding his powers (9 USC § 10 [a]). Respondent has failed to demonstrate any of the statutory grounds for vacating the award. Moreover, having participated in the arbitration process, respondent cannot now contest the authority of the arbitrator to determine the very issues submitted (*Matter of Shannon [Liberty Mut. Ins. Co.]*, 236 AD2d 231 [1997]).

We have considered respondent's remaining contentions and find them without merit. Concur—Andrias, J.P., Marlow, Nardelli, Sweeny and McGuire, JJ.